UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────────
CARLOS ABREU,

                                 Plaintiff,

           v.                                                                    9:15-CV-0540
                                                                              (MAD/ATB)

TRAVERS, et al.,

                                 Defendants.
─────────────────────────────────────

APPEARANCES:

CARLOS ABREU
99-A-3027
Plaintiff, pro se
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

MAE A. D'AGOSTINO
United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

      By Decision and Order filed on September 14, 2015, the Court revoked plaintiff Carlos Abreu's in forma pauperis status pursuant to 28 U.S.C. § 1915(g) ("Section 1915(g)") because he had accumulated three strikes prior to filing this action and did not qualify for the imminent danger exception set forth in Section 1915(g). Dkt. No. 8 (the "September 2015 Order"). The Court directed plaintiff to pay the entire filing fee if he wished to proceed with this action. *Id.* Rather than paying the filing fee, plaintiff filed a motion for reconsideration of the September 2015 Order. Dkt. No. 13. For the reasons that follow, plaintiff's motion for

reconsideration is denied and plaintiff is granted an extension of time to pay the filing fee.

## II. BACKGROUND

Plaintiff commenced this action as part of a multi-plaintiff action in October, 2012, with fifteen other inmates. *See Weathers, et al. v. Travers, et al.*, No. 9:12-CV-1582 (GLS/RFT) ("*Weathers*"). Plaintiff applied for and was granted in forma pauperis status in *Weathers. Id.*, Dkt. No. 5.[1] The claims that plaintiff asserted on his own behalf in *Weathers* were eventually severed from that action, placed in this action, but deemed filed as of the date that *Weathers* was filed - October 22, 2012. Dkt. Nos. 6, 7. The history of the *Weathers* action, including the severance of plaintiff's claims from *Weathers*, was set forth in the September 2015 Order and will not be repeated here.[2] *See* September 2015 Order at 1-4.

In the September 2015 Order, the Court revoked plaintiff's in forma pauperis status after it determined that the claims that formed the basis of Judge Sharpe's imminent danger finding were duplicative of claims brought by plaintiff in another action - namely *Abreu v. Lira*, No. 9:12-CV-1385 (NAM/DEP) ("*Abreu I*") - which was filed **more than one month before** plaintiff filed the same claims in *Weathers,* **and** which were still pending when *Weathers* was commenced. *See* September 2015 Order at 9-11. Specifically, *Abreu I* was filed on September 10, 2012, and dismissed on November 7, 2014. *See Abreu I* at Dkt. Nos. 1, 85.

---

[1] In *Weathers*, then-Chief United States District Judge Gary L. Sharpe found that plaintiff had accumulated at least three strikes pursuant to 28 U.S.C. § 1915(g) ("Section 1915(g)") prior to joining in the complaint in *Weathers*, but he made a preliminary finding "that plaintiff ha[d] alleged that he was "under imminent danger of serious physical injury" when he filed this action" on October 22, 2012, and granted plaintiff's in forma pauperis application. Dkt. No. 5 at 5-6. However, Judge Sharpe cautioned that "plaintiff's in forma pauperis status will be revoked if, as the case progresses, the Court concludes that he did not face imminent danger of serious physical injury when he commenced this action or is otherwise not entitled to proceed in forma pauperis." *Id.* at 7.

[2] For a complete history of *Weathers*, see the full Decisions and Orders of then-Chief United States District Judge Gary L. Sharpe issued in that action, copies of which have been docketed in this action for reference.

2

Plaintiff's claims in this action were filed on October 22, 2012, as part of *Weathers.  See Weathers*, Dkt. No. 1.

## III. DISCUSSION

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).  The standard for granting a motion for reconsideration is strict.  *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided."  *Id.*[3]  Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"  *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Plaintiff seeks reconsideration of the September 2015 Order to the extent that the Court revoked his in forma pauperis status.  *See generally* Dkt. No. 13.  Plaintiff does not suggest that there has been an intervening change in the controlling law, nor has he presented new evidence which was not previously available.  Therefore, the only basis for reconsideration is to remedy a clear error of law or to prevent manifest injustice.

First, plaintiff argues that the Court should not have dismissed his Eighth Amendment

---

[3] Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.*

medical indifference claims against defendants Travers, Marlowe, and Lashway (these claims will be referred to as the "medical care claims") because the medical care claims were not baseless or frivolous. *Id.* at 2. However, the plaintiff misinterprets the September 2015 Order because the medical care claims were not dismissed on the merits as baseless or frivolous; they were dismissed as duplicative of claims already pending in *Abreu I* at the time that plaintiff raised them in *Weathers* on October 22, 2012.

Next, plaintiff argues that the medical care claims were "not duplicative claims because *Abreu I* was dismissed without prejudice [which] mean[t] that [he could] bring the claims back in the future in [an]other action . . . such as in 12-CV-1582 [*Weathers*]." Dkt. No. 13 at 3. Plaintiff therefore argues that his in forma pauperis status was revoked based upon "erroneous information." *Id.* at 7. While it is true that the medical care claims were dismissed without prejudice in *Abreu I*, those claims were not dismissed **until November 7, 2014**. *See Abreu I*, Dkt. No. 85. Plaintiff reasserted the medical care claims in *Weathers*, which was filed on October 22, 2012, **when Abreu I was still pending,** making them clearly duplicative of claims still pending.[4] The Court also takes notice of the fact that in *Abreu I*, Judge Mordue found that plaintiff was not entitled to the benefit of the imminent-danger exception under section 1915(g) based upon the medical care claims. *See Abreu I*, Dkt. Nos. 73, 84. The Court concurs with Judge Mordue's findings in *Abreu I* and thus could revoke plaintiff's in forma pauperis status in this case on that alternative basis as well.

The Court has thoroughly reviewed the remainder of plaintiff's motion for

---

[4] Additionally, United States District Judge Norman A. Mordue dismissed *Abreu I* without prejudice for plaintiff's failure to pay the filing fee after Judge Mordue revoked plaintiff's in forma pauperis status in that action. *Abreu I*, Dkt. No. 84. Without the benefit of in forma pauperis status for the medical care claims, plaintiff would be required to pay the filing fee in full to reassert those claims.

4

reconsideration and finds that plaintiff presents no basis for reconsideration of the September 2015 Order. Based upon a review of the relevant law and its application to the facts of this case, the Court concludes that its previous decision was legally correct and did not work a manifest injustice.

In light of his pro se status, plaintiff is granted an extension of time to comply with the September 2015 Order. Therefore, plaintiff must, within thirty (30) days of the filing date of this Decision and Order, submit the full filing fee of $350.00, which was the statutory filing fee in effect when this action was originally commenced via the *Weathers* action on October 22, 2012. If plaintiff fails to timely pay the required filing fee in full, this action will be dismissed without prejudice without further order of the Court.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for reconsideration (Dkt. No. 13) is **DENIED** in all respects; and it is further

**ORDERED** that this action shall be **DISMISSED without prejudice, without further order of the Court**, if plaintiff fails to pay the full filing fee of three hundred fifty dollars ($350.00) **within thirty (30) days** of the filing date of this Decision and Order; and it is further

**ORDERED** that if plaintiff timely pays the entire filing fee, the Clerk shall return the file to the Court for review of the complaint in accordance with 28 U.S.C. § 1915A;[5] and it is

---

[5] Pursuant to 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. The Court expresses no opinion regarding the sufficiency of plaintiff's complaint at this time.

further

      **ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: April 28, 2016
       Albany, NY

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge